IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM MAGALLANEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ENGINEERS AND SCIENTISTS OF CALIFORNIA, LOCAL 20- INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS; KAISER PERMANENTE; THE PERMANENTE MEDICAL GROUP, INC., a California corporation; and DOES 1-50, inclusive,<br><br>　　　　　Defendants.<br>_____ | 2:11-cv-03466-GEB-EFB<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE |

　　　　The December 30, 2012, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on April 9, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The December 30, 2012, Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

　　　　Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than April 13, 2012, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his

1

counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on May 21, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") that failure to serve any defendant with process within the 120 day period prescribed in that Rule may result in the unserved defendant being dismissed. To avoid dismissal, on or before April 30, 2012, Plaintiff shall file proof of service for each defendant or a sufficient explanation why service was not effected within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated: March 28, 2012

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).