IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM MAGALLANEZ, | 2:11-cv-03466-GEB-EFB |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S DISMISSAL MOTION |
| ENGINEERS AND SCIENTISTS OF CALIFORNIA, LOCAL 20-INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS; and THE PERMANENTE MEDICAL GROUP, INC., a California corporation, | |
| Defendants. | |

Defendant The Permanente Medical Group, Inc. ("TPMG") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiff's breach of contract and breach of the duty of fair representation claims. TPMG argues, *inter alia*, these claims are barred by the statute of limitations. Plaintiff filed an opposition brief.

### I. LEGAL STANDARD

Decision on TPMG's Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th

1

Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation and internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (stating "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'").

**II. REQUESTS FOR CONSIDERATION OF DOCUMENTS REFERENCED IN PLAINTIFF'S COMPLAINT**

TPMG supports its motion with a request that judicial notice be taken of the collective bargaining agreement between TPMG and the Engineers and Scientists of California, Local 20, International Federation of Professional and Technical Engineers (hereinafter, "the Union"), to which Plaintiff belongs. Plaintiff references and relies on the collective bargaining agreement between TPMG and the Union in his claims, and Plaintiff has not questioned the authenticity of the referenced collective bargaining agreement. Therefore, the judicial notice request need not be decided, since "a court may consider a

writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the [writing] and its authenticity is unquestioned." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

Plaintiff also requests that the following documents be considered in the decision on the motion: a transcript of a voicemail Plaintiff received from a representative of the Union while it was pursuing his grievance; letters the Union sent to Plaintiff dated March 22, April 12, June 28, July 21, and August 23, 2011; letters Plaintiff sent to the Union dated March 25 and April 26, 2011; and a "copy of a Decision by [an] Unemployment Insurance Appeals Board ALJ . . . dated April 21, 2011." (Magallanez Decl. Exs. A-I.) Plaintiff argues his "[c]omplaint refers to the[se] documents and conversations, they are central to [his] claim[s,] and no party can legitimately question their authenticity." (Pl.'s Opp'n ("Opp'n") 5:25-28.)

Since Plaintiff refers to the Union's letters dated March 22 and July 21, 2011 in his complaint and these letters are relevant to deciding TPMG's motion, and in light of the fact that TPMG does not dispute the authenticity of the referenced letters, these letters are considered. However, Plaintiff has not shown that the other documents are pertinent to the decision on the motion; therefore, the other documents are not considered. See Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura, 371 F.3d 1046, 1052 n.5 (9th Cir. 2004) (denying judicial notice request where the facts "d[id] not alter . . . determination of the case").

### III. BACKGROUND

This case concerns a grievance the Union filed against TPMG on Plaintiff's behalf, following Plaintiff's employment termination. Plaintiff alleges he was employed with TPMG "as a Staff Optometrist for

3

. . . approximately four years." (Compl. ¶ 11.) Plaintiff alleges TPMG terminated his employment on December 30, 2010 because he used his "employee electronic access to view his family's medical records[,]" which is alleged to have violated TPMG's company policies and the Health Insurance Portability and Accountability Act ("HIPAA") privacy rules. Id.

"Subsequent to his termination, Plaintiff contacted his Union representative . . . [to] initiat[e] a grievance . . . in order to mediate, resolve, and retain [his] employment with [TPMG]." Id. ¶ 12. "In implementing the Union grievance procedures, Plaintiff was advised by [a senior union representative] that . . . the Union would . . . proceed with grievance procedures as necessary through all levels." Id.

Plaintiff alleges the Union was not successful in "restor[ing] [his] employment status" during the first or second "level[s] of grievance procedures." Id. ¶¶ 12-13. Plaintiff further alleges the Union "notified [him] in a letter dated March 22, 2011 of [its] withdrawal of [his] grievance" and its decision not to pursue arbitration. Id. ¶ 14; Union's Letter to Pl., Mar. 22, 2011 (attached as Ex. B to Magallanez Decl.). "[The] letter further notified Plaintiff that he had one year from December 30, 2011 to file suit against [TPMG]." Id.

Plaintiff alleges he "requested a review of his grievance by [the Union], and was informed . . . [in a letter] dated June 28, 2011 that [his] case would be referred back for additional review by the Optometry Unit Board, [which] would be meeting on July 18, 2011." Id. ¶ 15. Plaintiff "received written notification dated July 21, 2011 from [the Union] that his grievance had been reviewed by the Optometry Unit Board, [which] reaffirmed [its] decision to withdraw Plaintiff's grievance[.]" Id. ¶ 16.

4

1    "Plaintiff again communicated with [the Union], requesting
2  further review of the Optometry Unit Board's decision against taking
3  [his] grievance to arbitration." Id. ¶ 17. "On August 22, 2011, the
4  Executive Board for [the Union] affirmed [its] decision not to further
5  pursue Plaintiff's grievance[.]" Id.
6    Plaintiff alleges TPMG breached the collective bargaining
7  agreement by terminating his employment without "just cause." Id. ¶¶ 31-
8  32. Plaintiff alleges the Union "breached its duty of full and fair
9  representation [to] Plaintiff . . . by failing to proceed to
10 arbitration[.]" Id. ¶ 26. Plaintiff also alleges the Union fraudulently
11 and negligently misrepresented that it "would do all acts and things to
12 perfect Plaintiff's administrative remedies under the collective
13 bargaining agreement in a timely and diligent manner[.]" Id. ¶ 35.

## IV. DISCUSSION

15    TPMG argues Plaintiff's breach of contract and breach of the
16 duty of fair representation claims comprise "a hybrid [§] 301/fair
17 representation claim[, which] . . . is subject to the six-month statute
18 of limitations period [prescribed in] section 10(b) [of the National
19 Labor Relations Act ('NLRA')], 29 U.S.C. § 160(b) [(hereinafter,
20 'section 10(b)')]." (Mot. 4:1-14.) Plaintiff does not oppose this
21 portion of TPMG's motion.
22    "Hybrid § 301/fair representation claims typically arise where
23 a union's handling of a grievance is alleged to be deficient." Ayala v.
24 Pac. Mar. Ass'n, No. C08-0119, 2011 WL 3044189, at *9 (N.D. Cal. July
25 25, 2011) (citing Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir.
26 1986)). The Supreme Court has described a hybrid § 301/fair
27 representation claim as follows:
28    Such a suit, as a formal matter, comprises two
     causes of action. The suit against the employer

5

> rests on § 301 [of the Labor Management Relations Act ("LMRA")], since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the [NLRA]. Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union. . . . [A] hybrid § 301/fair representation claim, amount[s] to a direct challenge to the private settlement of disputes under [the collective bargaining agreement].

DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983) (internal quotation marks and citations omitted). "[H]ybrid § 301/fair representation claims are subject to the six-month statute of limitations set forth in section 10(b)[.]" Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 989 n.39 (9th Cir. 2007) (citing DelCostello, 462 U.S. at 169-70).

Since Plaintiff alleges TPMG breached the collective bargaining agreement and that the Union breached its duty of fair representation, these claims comprise a hybrid § 301/fair representation claim, which is subject to the six-month statute of limitations under section 10(b).

TPMG seeks dismissal of Plaintiff's hybrid § 301/fair representation claim, arguing:

> [P]laintiff admits that the Union "notified [him] . . . of their withdrawal of [his] grievance" against TPMG by letter on March 22, 2011. Therefore, [Plaintiff] must have filed his "hybrid" claim against TPMG within six months, or September 22, 2011. However, he filed his complaint on December 29, 2011. Accordingly, his claims . . . are time-barred.

(Mot. 5:21-25.) Plaintiff counters that "[t]he earliest [he] could . . . have known [the Union breached its duty of fair representation] . . .

6

1 [was] on July 21, 2011, when he learned that the Optometry Board
2 reaffirmed its decision not to bring the matter to arbitration." (Opp'n
3 5:18-21.) Plaintiff further argues "[he] filed this lawsuit within six
4 months of [that date]." Id. 5:21.

5 "Courts have generally held that the section 10(b) limitations
6 period begins to run . . . when an employee knows or should know of the
7 alleged breach of duty of fair representation by a union." Galindo, 793
8 F.2d at 1509 (internal quotation marks and citations omitted).
9 Accordingly, the Ninth Circuit has held that when a plaintiff alleges
10 the union breached its duty of fair representation by failing to pursue
11 his grievance, "[t]he limitations period begins to run when [the]
12 Plaintiff receives a letter from the Union notifying [him] that it will
13 pursue [his] claim no further." Grant v. McDonnell Douglas Corp., 163
14 F.3d 1136, 1138 (9th Cir. 1998) (citing Stallcop v. Kaiser Found. Hosp.,
15 820 F.2d 1044, 1049 (9th Cir. 1987)).

16 Here, the documents incorporated by reference into Plaintiff's
17 complaint demonstrate that the Union notified Plaintiff it had decided
18 to withdraw his grievance in a letter dated March 22, 2011. (Compl. ¶
19 14; Magallanez Decl. Ex. 2.) Therefore, Plaintiff's hybrid § 301/fair
20 representation claim accrued on March 22, 2011 and is barred by the six-
21 month statute of limitations, unless it was tolled.

22 Plaintiff argues "even if the [s]tatute of limitations began
23 to run when the Union first notified Plaintiff of its decision, [it] was
24 tolled on the basis of equitable tolling or equitable estoppel while the
25 [U]nion was re-considering whether to take [Plaintiff's] grievance to
26 arbitration." (Opp'n 9:23-26.) "There are two types of equitable
27 modification [of the statute of limitations:] equitable tolling and
28 equitable estoppel." Stallcop, 820 F.2d at 1050. Under equitable

7

tolling, "the statute of limitations may be tolled while a plaintiff pursues resolution of a dispute through internal union grievance and arbitration procedures that are mandated by a collective bargaining agreement." Eason v. Waste Mgmt. of Alameda Cnty., No. C-06-06289, 2007 WL 2255231, at *6 (N.D. Cal. Aug. 3, 2007) (citing Conley v. Int'l Bhd. of Elec. Workers, 810 F.2d 913, 915 (9th Cir. 1987)). However,

> [t]he statute of limitations [is] tolled in hybrid cases only in situations where the plaintiff is *required* to pursue another course of action before filing suit. To allow tolling when the plaintiff's out-of-court actions [are] merely optional "would frustrate the national policy of prompt resolution of labor disputes."

Walker v. Boeing Corp., 218 F. Supp. 2d 1177, 1196 (C.D. Cal. 2002) (emphasis added; internal citation omitted) (quoting Conley, 810 F.2d at 915).

Here, Plaintiff does not allege facts from which a reasonable inference could be drawn that he was *required* to seek reconsideration of the Union's decision before he filed a civil complaint. Therefore, Plaintiff has not demonstrated that the statute of limitations for his hybrid § 301/fair representation claim was equitably tolled.

"Equitable estoppel focuses on the defendant's actions." Stallcop, 820 F.2d at 1050. "There must be evidence of an improper purpose by the defendant, or of the defendant's actual or constructive knowledge that its conduct was deceptive." Id. However, Plaintiff does not allege facts from which a reasonable inference could be drawn that TPMG or the Union knowingly deceived Plaintiff. Therefore, Plaintiff has not demonstrated that equitable estoppel tolled the statute of limitations for Plaintiff's claim.

//
//

## V. CONCLUSION

For the stated reasons, TPMG's dismissal motion is GRANTED. Further, Plaintiff is granted ten (10) days leave from the date on which this order is filed within which to file an amended complaint addressing the deficiencies in the dismissed hybrid § 301/fair representation claim.

Dated: July 10, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge