IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABRAHAM MAGALLANEZ,                        )
                                           )     2:11-cv-03466-GEB-EFB
                   Plaintiff,              )
                                           )
          v.                               )     ORDER GRANTING DEFENDANT'S
                                           )     DISMISSAL MOTION
ENGINEERS AND SCIENTISTS OF                )
CALIFORNIA, LOCAL 20-                      )
INTERNATIONAL FEDERATION OF                )
PROFESSIONAL AND TECHNICAL                 )
ENGINEERS; and THE PERMANENTE              )
MEDICAL GROUP, INC., a                     )
California corporation,                    )
                                           )
                   Defendants.             )
_____           )

          Defendant The Permanente Medical Group, Inc. ("TPMG") moves
under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of
Plaintiff's breach of contract and breach of the duty of fair
representation claims. TPMG argues, *inter alia*, these claims are barred
by the statute of limitations. Plaintiff filed an opposition brief.

### I. LEGAL STANDARD

          Decision on TPMG's Rule 12(b)(6) dismissal motion requires
determination of "whether the complaint's factual allegations, together
with all reasonable inferences, state a plausible claim for relief."
Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th

1  Cir. 2011) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009)). "A
2  claim has facial plausibility when the plaintiff pleads factual content
3  that allows the court to draw the reasonable inference that the
4  defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678
5  (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).

6       When determining the sufficiency of a claim, "[w]e accept
7  factual allegations in the complaint as true and construe the pleadings
8  in the light most favorable to the non-moving party[; however, this
9  tenet does not apply to] . . . legal conclusions . . . cast in the form
10 of factual allegations." <u>Fayer v. Vaughn</u>, 649 F.3d 1061, 1064 (9th Cir.
11 2011) (citation and internal quotation marks omitted). "Therefore,
12 conclusory allegations of law and unwarranted inferences are
13 insufficient to defeat a motion to dismiss." <u>Id.</u> (citation and internal
14 quotation marks omitted); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678 (quoting
15 <u>Twombly</u>, 550 U.S. at 555) (stating "[a] pleading that offers 'labels and
16 conclusions' or 'a formulaic recitation of the elements of a cause of
17 action will not do'").

18 **II. REQUESTS FOR CONSIDERATION OF DOCUMENTS REFERENCED IN PLAINTIFF'S**
19 **COMPLAINT**

20      TPMG supports its motion with a request that judicial notice
21 be taken of the collective bargaining agreement between TPMG and the
22 Engineers and Scientists of California, Local 20, International
23 Federation of Professional and Technical Engineers (hereinafter, "the
24 Union"), to which Plaintiff belongs. Plaintiff references and relies on
25 the collective bargaining agreement between TPMG and the Union in his
26 claims, and Plaintiff has not questioned the authenticity of the
27 referenced collective bargaining agreement. Therefore, the judicial
28 notice request need not be decided, since "a court may consider a

writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the [writing] and its authenticity is unquestioned." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

Plaintiff also requests that the following documents be considered in the decision on the motion: a transcript of a voicemail Plaintiff received from a representative of the Union while it was pursuing his grievance; letters the Union sent to Plaintiff dated March 22, April 12, June 28, July 21, and August 23, 2011; letters Plaintiff sent to the Union dated March 25 and April 26, 2011; and a "copy of a Decision by [an] Unemployment Insurance Appeals Board ALJ . . . dated April 21, 2011." (Magallanez Decl. Exs. A-I.) Plaintiff argues his "[c]omplaint refers to the[se] documents and conversations, they are central to [his] claim[s,] and no party can legitimately question their authenticity." (Pl.'s Opp'n ("Opp'n") 5:25-28.)

Since Plaintiff refers to the Union's letters dated March 22 and July 21, 2011 in his complaint and these letters are relevant to deciding TPMG's motion, and in light of the fact that TPMG does not dispute the authenticity of the referenced letters, these letters are considered. However, Plaintiff has not shown that the other documents are pertinent to the decision on the motion; therefore, the other documents are not considered. See Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura, 371 F.3d 1046, 1052 n.5 (9th Cir. 2004) (denying judicial notice request where the facts "d[id] not alter . . . determination of the case").

### III. BACKGROUND

This case concerns a grievance the Union filed against TPMG on Plaintiff's behalf, following Plaintiff's employment termination. Plaintiff alleges he was employed with TPMG "as a Staff Optometrist for

. . . approximately four years." (Compl. ¶ 11.) Plaintiff alleges TPMG terminated his employment on December 30, 2010 because he used his "employee electronic access to view his family's medical records[,]" which is alleged to have violated TPMG's company policies and the Health Insurance Portability and Accountability Act ("HIPAA") privacy rules. Id.

"Subsequent to his termination, Plaintiff contacted his Union representative . . . [to] initiat[e] a grievance . . . in order to mediate, resolve, and retain [his] employment with [TPMG]." Id. ¶ 12. "In implementing the Union grievance procedures, Plaintiff was advised by [a senior union representative] that . . . the Union would . . . proceed with grievance procedures as necessary through all levels." Id.

Plaintiff alleges the Union was not successful in "restor[ing] [his] employment status" during the first or second "level[s] of grievance procedures." Id. ¶¶ 12-13. Plaintiff further alleges the Union "notified [him] in a letter dated March 22, 2011 of [its] withdrawal of [his] grievance" and its decision not to pursue arbitration. Id. ¶ 14; Union's Letter to Pl., Mar. 22, 2011 (attached as Ex. B to Magallanez Decl.). "[The] letter further notified Plaintiff that he had one year from December 30, 2011 to file suit against [TPMG]." Id.

Plaintiff alleges he "requested a review of his grievance by [the Union], and was informed . . . [in a letter] dated June 28, 2011 that [his] case would be referred back for additional review by the Optometry Unit Board, [which] would be meeting on July 18, 2011." Id. ¶ 15. Plaintiff "received written notification dated July 21, 2011 from [the Union] that his grievance had been reviewed by the Optometry Unit Board, [which] reaffirmed [its] decision to withdraw Plaintiff's grievance[.]" Id. ¶ 16.

1   "Plaintiff again communicated with [the Union], requesting
2   further review of the Optometry Unit Board's decision against taking
3   [his] grievance to arbitration." <u>Id.</u> ¶ 17. "On August 22, 2011, the
4   Executive Board for [the Union] affirmed [its] decision not to further
5   pursue Plaintiff's grievance[.]" <u>Id.</u>

6   Plaintiff alleges TPMG breached the collective bargaining
7   agreement by terminating his employment without "just cause." <u>Id.</u> ¶¶ 31-
8   32. Plaintiff alleges the Union "breached its duty of full and fair
9   representation [to] Plaintiff . . . by failing to proceed to
10  arbitration[.]" <u>Id.</u> ¶ 26. Plaintiff also alleges the Union fraudulently
11  and negligently misrepresented that it "would do all acts and things to
12  perfect Plaintiff's administrative remedies under the collective
13  bargaining agreement in a timely and diligent manner[.]" <u>Id.</u> ¶ 35.

14                          **IV. DISCUSSION**

15  TPMG argues Plaintiff's breach of contract and breach of the
16  duty of fair representation claims comprise "a hybrid [§] 301/fair
17  representation claim[, which] . . . is subject to the six-month statute
18  of limitations period [prescribed in] section 10(b) [of the National
19  Labor Relations Act ('NLRA')], 29 U.S.C. § 160(b) [(hereinafter,
20  'section 10(b)')]." (Mot. 4:1-14.) Plaintiff does not oppose this
21  portion of TPMG's motion.

22  "Hybrid § 301/fair representation claims typically arise where
23  a union's handling of a grievance is alleged to be deficient." <u>Ayala v.</u>
24  <u>Pac. Mar. Ass'n</u>, No. C08-0119, 2011 WL 3044189, at *9 (N.D. Cal. July
25  25, 2011) (citing <u>Galindo v. Stoody Co.</u>, 793 F.2d 1502, 1509 (9th Cir.
26  1986)). The Supreme Court has described a hybrid § 301/fair
27  representation claim as follows:

28          Such a suit, as a formal matter, comprises two
            causes of action. The suit against the employer

                                    5

rests on § 301 [of the Labor Management Relations Act ("LMRA")], since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the [NLRA]. Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union. . . . [A] hybrid § 301/fair representation claim, amount[s] to a direct challenge to the private settlement of disputes under [the collective bargaining agreement].

DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983) (internal quotation marks and citations omitted). "[H]ybrid § 301/fair representation claims are subject to the six-month statute of limitations set forth in section 10(b)[.]" Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 989 n.39 (9th Cir. 2007) (citing DelCostello, 462 U.S. at 169-70).

Since Plaintiff alleges TPMG breached the collective bargaining agreement and that the Union breached its duty of fair representation, these claims comprise a hybrid § 301/fair representation claim, which is subject to the six-month statute of limitations under section 10(b).

TPMG seeks dismissal of Plaintiff's hybrid § 301/fair representation claim, arguing:

[P]laintiff admits that the Union "notified [him] . . . of their withdrawal of [his] grievance" against TPMG by letter on March 22, 2011. Therefore, [Plaintiff] must have filed his "hybrid" claim against TPMG within six months, or September 22, 2011. However, he filed his complaint on December 29, 2011. Accordingly, his claims . . . are time-barred.

(Mot. 5:21-25.) Plaintiff counters that "[t]he earliest [he] could . . . have known [the Union breached its duty of fair representation] . . .

[was] on July 21, 2011, when he learned that the Optometry Board reaffirmed its decision not to bring the matter to arbitration." (Opp'n 5:18-21.) Plaintiff further argues "[he] filed this lawsuit within six months of [that date]." Id. 5:21.

"Courts have generally held that the section 10(b) limitations period begins to run . . . when an employee knows or should know of the alleged breach of duty of fair representation by a union." Galindo, 793 F.2d at 1509 (internal quotation marks and citations omitted). Accordingly, the Ninth Circuit has held that when a plaintiff alleges the union breached its duty of fair representation by failing to pursue his grievance, "[t]he limitations period begins to run when [the] Plaintiff receives a letter from the Union notifying [him] that it will pursue [his] claim no further." Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (citing Stallcop v. Kaiser Found. Hosp., 820 F.2d 1044, 1049 (9th Cir. 1987)).

Here, the documents incorporated by reference into Plaintiff's complaint demonstrate that the Union notified Plaintiff it had decided to withdraw his grievance in a letter dated March 22, 2011. (Compl. ¶ 14; Magallanez Decl. Ex. 2.) Therefore, Plaintiff's hybrid § 301/fair representation claim accrued on March 22, 2011 and is barred by the six-month statute of limitations, unless it was tolled.

Plaintiff argues "even if the [s]tatute of limitations began to run when the Union first notified Plaintiff of its decision, [it] was tolled on the basis of equitable tolling or equitable estoppel while the [U]nion was re-considering whether to take [Plaintiff's] grievance to arbitration." (Opp'n 9:23-26.) "There are two types of equitable modification [of the statute of limitations:] equitable tolling and equitable estoppel." Stallcop, 820 F.2d at 1050. Under equitable

1 | tolling, "the statute of limitations may be tolled while a plaintiff
2 | pursues resolution of a dispute through internal union grievance and
3 | arbitration procedures that are mandated by a collective bargaining
4 | agreement." <u>Eason v. Waste Mgmt. of Alameda Cnty.</u>, No. C-06-06289, 2007
5 | WL 2255231, at *6 (N.D. Cal. Aug. 3, 2007) (citing <u>Conley v. Int'l Bhd.</u>
6 | <u>of Elec. Workers</u>, 810 F.2d 913, 915 (9th Cir. 1987)). However,

> [t]he statute of limitations [is] tolled in hybrid
> cases only in situations where the plaintiff is
> *required* to pursue another course of action before
> filing suit. To allow tolling when the plaintiff's
> out-of-court actions [are] merely optional "would
> frustrate the national policy of prompt resolution
> of labor disputes."

11 | <u>Walker v. Boeing Corp.</u>, 218 F. Supp. 2d 1177, 1196 (C.D. Cal. 2002)
12 | (emphasis added; internal citation omitted) (quoting <u>Conley</u>, 810 F.2d at
13 | 915).

14 | Here, Plaintiff does not allege facts from which a reasonable
15 | inference could be drawn that he was *required* to seek reconsideration of
16 | the Union's decision before he filed a civil complaint. Therefore,
17 | Plaintiff has not demonstrated that the statute of limitations for his
18 | hybrid § 301/fair representation claim was equitably tolled.

19 | "Equitable estoppel focuses on the defendant's actions."
20 | <u>Stallcop</u>, 820 F.2d at 1050. "There must be evidence of an improper
21 | purpose by the defendant, or of the defendant's actual or constructive
22 | knowledge that its conduct was deceptive." <u>Id.</u> However, Plaintiff does
23 | not allege facts from which a reasonable inference could be drawn that
24 | TPMG or the Union knowingly deceived Plaintiff. Therefore, Plaintiff has
25 | not demonstrated that equitable estoppel tolled the statute of
26 | limitations for Plaintiff's claim.

27 | //

28 | //

**V. CONCLUSION**

For the stated reasons, TPMG's dismissal motion is GRANTED. Further, Plaintiff is granted ten (10) days leave from the date on which this order is filed within which to file an amended complaint addressing the deficiencies in the dismissed hybrid § 301/fair representation claim.

Dated:  July 10, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge