IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ABRAHAM MAGALLANEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>ENGINEERS AND SCIENTISTS OF CALIFORNIA, LOCAL 20, INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS; and THE PERMANENTE MEDICAL GROUP, INC., a California corporation,<br><br>            Defendants. | 2:11-cv-03466-GEB-EFB<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT |

Defendant The Permanente Medical Group, Inc. ("TPMG") moves for an order dismissing with prejudice Plaintiff's claims in his First Amended Complaint ("FAC"), in which Plaintiff alleges breach of contract and breach of the duty of fair representation. TPMG argues these claims should be dismissed because they are time barred since Plaintiff "failed to plead sufficient grounds to equitably toll the limitations period or estop TPMG from raising a limitations defense." (Mot. to Dismiss, ECF No. 26 ("Mot.") 11:25–26.) TPMG also asserts that Plaintiff cannot state a fair representation claim against it since employers "do not owe employees a duty of fair representation." (Mot. 11:11–12.) Plaintiff Abraham Magallanez opposes the motion, arguing that his administrative

1

1  grievance equitably tolled the limitations period and that TPMG's
2  knowledge that Engineers and Scientists of California, Local 20,
3  International Federation of Professional and Technical Engineers (the
4  "Union") had misstated the statute of limitations equitably estops it
5  from asserting a limitations defense. (Opp'n to Def.'s Mot. to Dismiss,
6  ECF No. 28 ("Opp'n") 4:5–8:5.)  Plaintiff also opposes the portion of
7  the motion seeking dismissal of his duty of fair representation claim
8  against TPMG.

## I. LEGAL STANDARD

Decision on a Federal Rule of Civil Procedure ("Rule") 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

In evaluating a Rule 12(b)(6) motion, the court "accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Serv., 671 F.3d 1138, 1142–43 (9th Cir. 2012) (citing Twombly, 544 U.S. at 555–56). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

A statute of limitations defense may be raised in a Rule 12(b)(6) motion if the expiration of the statute of limitations is apparent on the face of the complaint. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Such dismissal motions "based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting Jablon, 614 F.2d at 682).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The factual allegations in Plaintiff's FAC and the procedural background are the following.[1] For approximately four years, Plaintiff worked as a staff optometrist for TPMG. (FAC ¶ 10.) "In November 2010, Plaintiff received a positive performance evaluation." (Id. ¶ 11.) On December 30, 2010, he was fired because he used his "employee electronic [medical records] access to view his family's medical records" with their consent. (Id. ¶¶ 10, 18.)

After his termination, Plaintiff requested that his Union initiate a grievance against TPMG to dispute his termination. (Id. ¶¶ 7, 12.) The Union advised Plaintiff that "he had an approved right to Union

---

[1] The Union's Constitution and the letters of March 22 and July 21, 2011 are considered since these documents are "referenced in [the FAC] but not explicitly incorporated therein" and since "the [FAC] relies on the[se] document[s] and [their] authenticity is unquestioned." Swartz v. KPMG LLC, 476 F.3d 756, 763 (9th Cir. 2007).

3

representation at all times . . . and that the Union would . . . proceed with grievance procedures as necessary through all levels." (Id. ¶ 12.) However, the Union did not successfully restore Plaintiff's employment, and in a letter dated March 22, 2011, the Union informed Plaintiff of its "withdrawal of Plaintiff's grievance, as against [TPMG]" and "notified Plaintiff that he had one year from December 20, [2010] to file suit against [TPMG]." (Id. ¶¶ 13, 14.) Plaintiff requested review of the Union's decision by the Union's Optometry Unit Board, and on July 21, 2011, he received a written notification reaffirming the Union's prior decision to withdraw his grievance and forgo arbitration of his claim. (Id. ¶¶ 15, 16; ECF No. 18, Ex. D.) Plaintiff again requested reconsideration of this decision, this time via an appeal to the Union Executive Board, and on August 22, 2011, the Union's decision was again reaffirmed. (FAC ¶ 17; ECF No. 18, Exs. D, F.) The Union Constitution prescribes the procedures for such "appeals from Unit Executive Board decisions [to] the Union Executive Board." (ECF No. 27, art. XVI, § 2.) Throughout, TPMG "was aware [the] Union was advising its employees of the one year statute of limitations," and it "allowed these false statements to continue over the years." (FAC ¶¶ 14, 24.)

On December 29, 2011, over eight months after the Union first informed Plaintiff that it would pursue his grievance no further, Plaintiff filed this lawsuit against TPMG and against the Union. In the Order filed on July 11, 2012, Plaintiff's claims against TPMG in Plaintiff's initial complaint were dismissed, and Plaintiff was granted leave to amend his complaint consistent with the Court's Order. (ECF No. 22.) Subsequently, Plaintiff filed the FAC; the Union answered; and TPMG filed the instant dismissal motion.

/

4

# III. DISCUSSION

## A. Breach of the Duty of Fair Representation

TPMG argues Plaintiff does not allege that it owed him a duty of fair representation, "let alone breached such a duty," since "[e]mployers are adverse to employees and unions during the grievance procedure," and "they do not owe employees a duty of fair representation." (Mot. 11:17, 11:10–12.) Plaintiff responds generally that "TPMG had a contractual obligation under the Collective Bargaining Agreement not to terminate Plaintiff without just cause." (Opp'n 8:4–5.) TPMG is correct. "The union owes [a] duty of fair representation to the employees it represents—the duty does not run to the employer . . . ." Bowen v. U.S. Postal Serv., 459 U.S. 212, 240 (1983) (White, J., concurring); accord Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6, 493 U.S. 67, 84 (1989) (stating "a fair representation claim is a separate cause of action from any possible suit against the employer"); Vaca v. Sipes, 386 U.S. 171, 190 (1967) ("A breach of the statutory duty of fair representation occurs *only* when a *union's* conduct . . . is arbitrary, discriminatory, or in bad faith.") (emphases added). Since employers do not owe employees a duty of fair representation, TPMG's motion to dismiss Plaintiff's duty of fair representation claim against it is granted. Further, because fair representation claims are not cognizable against employers, Plaintiff's "'pleading could not possibly be cured by the allegation of other facts,'" Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)), and leave to amend should not be permitted. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). Accordingly, Plaintiff's fair representation claim against TPMG is dismissed with prejudice.

**B. Breach of the Collective Bargaining Agreement**

In this hybrid § 301/fair representation lawsuit, Plaintiff sues his former employer for "breach of the collective bargaining agreement" and his former Union for "breach of the [U]nion's duty of fair representation." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983). Both claims are subject to the six-month statute of limitations in § 10(b) of the National Labor Relations Act. Id. at 155; see also Prazak v. Local 1 Int'l Union of Bricklayers & Allied Crafts, 233 F.3d 1149, 1151 (9th Cir. 2000). Plaintiff's claims accrued on March 22, 2011, when the Union first notified him that it would pursue his grievance no further. See Harris v. Alumax Mill Prods., Inc., 897 F.2d 400, 404 (9th Cir. 1990); Zuniga v. United Can Co., 812 F.2d 443, 449 (9th Cir. 1987). Since Plaintiff's suit was filed on December 21, 2011, over eight months after the accrual of his claims, Plaintiff's action is time barred by § 10(b)'s six-month statute of limitations "[u]nless he can establish that the limitation period was suspended for some period." Conley v. Int'l Bhd. of Elec. Workers, 810 F.2d 913, 915 (9th Cir. 1987).

A statute of limitations may be suspended by either the doctrine of equitable tolling or the doctrine of equitable estoppel. Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1050 (9th Cir. 1987). TPMG argues "as held in Eason, only grievance and arbitration procedures that are mandated by a collective bargaining agreement can equitably toll a hybrid section 301/fair representation claim." (ECF No. 32, Reply 6:13–15 (citing Eason v. Waste Mgm't of Alameda Cnty., No. C-06-06289 JCS, 2007 WL 2255231, at *6 (N.D. Cal. Aug. 3, 2007)).[2] However, this is

---

[2] TPMG's argument is based in part on an earlier Order issued in
(continued...)

6

1  not the holding of Eason—a case in which equitable tolling was "neither
2  alleged . . . nor argued." Eason, 2007 WL 2255231, at *8. Further,
3  hybrid § 301/fair representation tolling cases distinguish between
4  intra-union grievances and other administrative proceedings, such as
5  worker's compensation claims or National Labor Relations Board charges.
6  Compare Galindo v. Stoody Co., 793 F.2d 1502, 1510—11 (9th Cir. 1986)
7  (tolling limitations period while plaintiff pursued intra-union
8  grievance procedures), and Stone v. Writer's Guild of Am. W., Inc., 101
9  F.3d 1312, 1315 (9th Cir. 1996) (stating "the statute of limitations may
10 be tolled 'while an employee pursues intra-union grievance procedures,
11 even if those procedures are ultimately futile'") (quoting Galindo, 793
12 F.2d at 1510), with Harris, 897 F.2d at 404 (finding § 10(b) is not
13 tolled by worker's compensation claim), Pejic v. Hughes Helicopters,
14 Inc., 840 F.2d 667, 671 (9th Cir. 1988) (same), and Conley, 810 F.2d at
15 916 (finding § 10(b) is not tolled by filing of NLRB charge).

16        When a plaintiff pursues an intra-union administrative
17 grievance that could result in the relief sought, the statute of
18 limitations may be equitably tolled. See Stone, 101 F.3d at 1315;
19 Galindo, 793 F.2d at 1510—11. The reasoning underlying this is that

---

² (...continued)
this case. Magallanez v. Eng'rs & Scientists of Cal., Local 20-Int'l Fed'n of Prof'l & Technical Eng'rs, No. 2:11-cv-03466-GEB-EFB, 2012 WL 2872816 (July 11, 2012). In that Order I stated: "Here, Plaintiff does not allege facts from which a reasonable inference could be drawn that he was *required* to seek reconsideration of the Union's decision before he filed a civil complaint. Therefore, Plaintiff has not demonstrated that the statute of limitations for his hybrid § 301/fair representation claim was equitably tolled." Id. at *5. However, as the Ninth Circuit states in Conley: "Equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit." 810 F.2d at 915. Conley does not indicate that it is inappropriate for Plaintiff to rely on the equitable tolling doctrine in the instant case.

1  "[a]n employee should not be penalized for seeking to resolve his
2  dispute through the grievance process before filing a suit in federal
3  court." Galindo, 793 F.2d at 1510. Equitable tolling is favored as it
4  prevents "premature filing" of federal lawsuits, id., and it "advance[s]
5  the national labor policy encouraging private resolution of contractual
6  labor disputes." Clayton v. Int'l Union, United Auto., Aerospace, & Agr.
7  Implement Workers of Am., 451 U.S. 679, 692 (1981).

8      TPMG argues that to equitably toll Plaintiff's claims when
9  Plaintiff was not "required to exhaust an intra-union appeal before
10 filing suit against TPMG . . . 'would frustrate the national policy of
11 prompt resolution of labor disputes.'" (Mot. 5:25, 7:15—16 (quoting
12 Conley, 810 F.2d at 916).) However, as the Ninth Circuit stated in
13 Galindo: "We believe that the policy of non-judicial resolution of labor
14 disputes should outweigh the policy of prompt resolution of labor
15 disputes in cases where the pursuit of [administrative] remedies would
16 toll the statute for only a few months." Galindo, 793 F.2d at 1510 n.4.
17 TPMG also asserts that "a third party's actions will not equitably toll
18 the six-month section 10(b) statute of limitations for claims against
19 another party." (ECF No. 15, 7:4—6.) However, equitable modification of
20 the statute of limitations does apply to an employee's hybrid claim
21 against her *employer* based on the actions of "a *union* business
22 representative." See Stallcorp, 820 F.2d at 1050—51 (emphasis added).

23     Since TPMG has not shown that Plaintiff's appeal to the Union
24 Executive Board of the Union Optometry Unit Board's refusal to arbitrate
25 his grievance was not an intra-union "subsequent administrative
26 procedure," Stone, 101 F.3d at 1315, that was explicitly provided for in
27 the Union Constitution, and that could have resolved his fair
28 representation claim against the Union in a few months, TPMG's motion to

dismiss Plaintiff's breach of the collective bargaining agreement claim is denied.

### III. CONCLUSION

For the stated reasons, TPMG's motion to dismiss Plaintiff's breach of the duty of fair representation claim against TPMG is granted with prejudice; its motion to dismiss Plaintiff's breach of the collective bargaining agreement claim is denied.

Dated:  December 5, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge