IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABRAHAM MAGALLANEZ,

     Plaintiff,

vs.

ENGINEERS AND SCIENTISTS OF CALIFORNIA, LOCAL 20-INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS; and THE PERMANENTE MEDICAL GROUP, INC.,

     Defendants.

No. 2:11-cv-3466-GEB-EFB

ORDER

Currently noticed for hearing on May 22, 2013 are (1) plaintiff's motion to compel defendant The Permanente Medical Group, Inc. ("TPMG") to designate witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6), to compel answers to deposition questions, and for an award of sanctions, Dckt. No. 48; and (2) plaintiff's motion to compel defendant Engineers and Scientists of California, Local 20-International Federation of Professional and Technical Engineers (the "Union") to produce documents, to respond to plaintiff's interrogatories, and for an award of sanctions, Dckt. No. 49.  As required by Local Rule 251, on May 15, 2013, plaintiff and the Union filed a joint statement regarding one of the discovery disagreements, Dckt. No. 50, and plaintiff and TPMG filed a joint statement regarding the other discovery disagreement, Dckt. No. 51.

1

In its portion of the joint statement, the Union argues, *inter alia*, that plaintiff's motion to compel should be denied because plaintiff failed to meet and confer prior to filing the motion to compel. Dckt. No. 50 at 4-6. Specifically, the Union contends that plaintiff's counsel sent the Union's counsel a meet and confer letter on April 25, 2013, after waiting six months from the time the Union sent its discovery responses; on April 29, 2013, defendants' counsel requested additional time to respond to the meet and confer letter; and then on April 30, 2013, plaintiff's counsel filed the motion to compel. It does not appear that the Union's counsel ever responded to the meet and confer letter or that counsel for the parties ever actually communicated about the discovery issues at hand.

Also, in its portion of the joint statement, TPMG argues, *inter alia*, that plaintiff's motion to compel should be denied because TPMG has agreed to produce numerous documents (and has attempted to locate other reasonably responsive documents as specified in its amended responses and represented that no such documents exist), yet "[i]n the meet and confer process, plaintiff has failed to identify any other document with reasonable particularity that it seeks." Dckt. No. 51 at 6-7. Although TPMG does not specifically argue that the motion to compel should be denied for failure to meet and confer, by noting that during the meet and confer process plaintiff failed to identify any particular documents it seeks, TPMG suggests that the parties did not *adequately* meet and confer in an effort to resolve the disputes without court intervention.

Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b). The Rule further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." *Id.* Additionally, Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that

the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

As an initial matter, neither of the motions to compel and neither of the joint statements contains a certification that plaintiff has in good faith conferred or attempted to confer with either of the defendants in an effort to obtain the sought after discovery without court action, as required by Rule 37(a)(1). *See generally* Dckt. Nos. 48-51. Moreover, both of the joint statements reveal that the parties have not *adequately* met and conferred *in good faith* regarding the discovery issues at hand. Although plaintiff suggests that the motions to compel were filed when they were because of the impending June 30, 2013 discovery deadline, *see* Dckt. No. 49 at 2, the fact that a discovery deadline is quickly approaching does not eliminate the meet and confer requirements set forth in the Federal Rules of Civil Procedure and this court's Local Rules.[1] The court believes that much of the disputes between the parties might have been resolved prior to the filing of the present motions to compel had the parties had meaningful discussions either in person or telephonically regarding the discovery requests at issue.

Accordingly, both of plaintiff's motions to compel, Dckt. Nos. 48 and 49, are denied without prejudice, and the May 22, 2013 hearings thereon are vacated. *See* E.D. Cal. L.R. 251(b). The parties are directed to meet and confer either telephonically or in person in an effort to resolve these disputes without court intervention. If such meet and confer efforts do not resolve the discovery disputes, plaintiff may re-notice the motions to compel for hearing.

SO ORDERED.

DATED: May 17, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] If the parties opine that additional time is needed for discovery, they may file a motion or stipulation to further modify the amended pretrial scheduling order. However, that motion and/or stipulation must be heard and decided by the district judge.

3