UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM MAGALLANEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>ENGINEERS AND SCIENTISTS OF CALIFORNIA, LOCAL 20, INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS; and THE PERMANENTE MEDICAL GROUP, INC., a California corporation,<br><br>        Defendants. | No. 2:11-cv-03466-GEB-EFB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OR CERTIFICATION FOR INTERLOCUTORY APPEAL** |

Defendant The Permanente Medical Group, Inc. ("TPMG") seeks reconsideration of the portion of the December 6, 2012 Order (ECF No. 36 ("Order")), which denied TPMG's motion to dismiss Plaintiff's breach of a collective bargaining agreement ("§ 301") claim. In the alternative, TPMG seeks certification of that portion of the Order for interlocutory appeal under 28 U.S.C. § 1292(b).

### I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff was formerly a staff optometrist for TPMG and a member in good standing of Engineers and Scientists of California, Local 20, International Federation of Professional

1

and Technical Engineers (the "Union"). (First Am. Compl. ("FAC") ¶¶ 6, 7, ECF No. 23.) On December 30, 2010, TPMG terminated Plaintiff's employment because Plaintiff used his "employee electronic access to view his family's medical records" with their authorization. (Id. ¶¶ 10, 18.)

Following his termination, Plaintiff requested and the Union agreed to represent Plaintiff in grievance proceedings with TPMG. (Id. ¶¶ 12—14.) The Union was unsuccessful in restoring Plaintiff's employment through representation in three levels of grievance proceedings. (Id.)

The Collective Bargaining Agreement ("CBA") between TPMG and the Union states that "the Union may by written notice appeal to arbitration the [grievance] matter within ten (10) working days of receipt of [an] answer." (TPMG's Req. for Judicial Notice ("RJN") in Supp. of Mot. to Dismiss Compl., Ex. 1, art. XI, § 3, cl. 2(c), ECF No. 16.) However, upon completion of the third level of grievance proceedings, the Union notified Plaintiff in a letter dated March 22, 2011, that it "decided to withdraw [the] grievance regarding [his] discharge[,]" and would not "further pursu[e his] grievance (to arbitration)." (Pl.'s Decl. in Supp. of Opp'n to Mot. to Dismiss Compl. ("Pl.'s Decl."), Ex. B, ECF No. 18.)

The Union Constitution prescribes the procedures for internal Union appeals of such Union decisions, (Decl. of Armand Skol in Supp. of Opp'n to Dismiss FAC, Ex. 1, art. XVI, § 2, ECF No. 29-1), and Plaintiff filed his internal Union appeal in accordance with those procedures. (FAC ¶¶ 15-17; Pl.'s Decl., Exs. C-E, G-I.) By letter dated April 12, 2011, Plaintiff was

2

1  granted the opportunity to file a written appeal with the Union's
2  Executive Board. (Pl.'s Decl., Ex. D.) Plaintiff's case was then
3  referred back to the Union's Optometry Unit Board, (Pl.'s Decl.
4  G), which reaffirmed its decision not to pursue his case to
5  arbitration. (Pl.'s Decl., Ex. H.) By letter of August 23, 2011,
6  this decision was affirmed by the Union Executive Board. (Pl.'s
7  RJN, Ex. I.)

8  Plaintiff filed the instant lawsuit on December 29,
9  2011, against the Union for breach of the duty of fair
10 representation and against TPMG for breach of the CBA. (Compl.,
11 ECF No. 1.) Thus, Plaintiff's lawsuit was filed within six months
12 after Plaintiff exhausted his internal Union appeals, but more
13 than six months after the Union first notified Plaintiff that it
14 would not pursue his grievance to arbitration.

15 TPMG moved to dismiss Plaintiff's claim for breach of
16 the CBA based on the running of the statute of limitations.
17 (TPMG's Mot. to Dismiss FAC, ECF No. 26.) The time-bar portion of
18 TPMG's dismissal motion was denied because Plaintiff's
19 allegations permitted drawing the reasonable inference that the
20 limitations period was equitably tolled during Plaintiff's
21 internal Union appeals. (Order 8:23—9:2 (citing Stone v. Writer's
22 Guild of Am. W., Inc., 101 F.3d 1312, 1315 (9th Cir. 1996));
23 Galindo v. Stoody Co., 793 F.2d 1502, 1510-11 (9th Cir. 1986)).)

24 TMPG now requests reconsideration of the portion of the
25 Order denying its statute of limitations dismissal argument, or,
26 in the alternative, seeks certification of the Order for
27 interlocutory appeal.

28

3

**II. DISCUSSION**

**A.    Motion for Reconsideration**

In essence, TPMG seeks reconsideration of the denial of its dismissal motion on Plaintiff's breach of the CBA claim, arguing the Ninth Circuit has not decided whether the statute of limitations period can be tolled against an employer "while an employee pursues an internal union appeal *after* the union has abandoned the CBA's arbitration remedy . . . , [however] the Sixth Circuit has addressed this issue, and in a well reasoned opinion concluded that the limitations period was not tolled as to the employer" under such circumstances. (TPMG's Mem. P.&A.'s in Supp. of Mot. for Recons. ("TPMG's Recons. Mot.") 6:6-11, 8:22-27, ECF No. 40 (citing Robinson v. Cent. Brass Mfg. Co., 978 F.2d 1235 (6th Cir. 1993).) TPMG further argues that since "Plaintiff's opposition brief did not notify TPMG of the reasoning used by the Court for tolling[,] . . . TPMG was not able to offer [this Sixth Circuit] authorit[y] . . . that reject[s] tolling of [breach of the CBA] claim[] by internal union appeals" in connection with its dismissal motion. (Id. at 2:1-4, 4:9-24.)

Plaintiff counters, *inter alia*, that TPMG has not shown a sufficient basis to reconsider the Order. (Pl.'s Opp'n 5:6-17, ECF No. 43.) Plaintiff argues: "the only [reasons] that . . . warrant reconsideration are changes in the law or the court made a clear error in its initial decision[, and neither situation exists] here." (Id. at 5:16-17.)

"A district court is authorized to reconsider its decisions pursuant to both the Federal Rules of Civil Procedure

4

1 and its inherent powers." Reinsdorf v. Skechers U.S.A., Inc., ---
2 F.R.D. ----, 2013 WL 3878685, at *6 (C.D. Cal. 2013). "Rule 54(b)
3 provides that unless certified as a final judgment by the
4 district court, 'any order or other decision, however designated,
5 that adjudicates fewer than all the claims' of all of the parties
6 'may be revised at any time before the entry of a judgment
7 adjudicating all the claims and all the parties' rights and
8 liabilities.'" Id. (quoting Fed. R. Civ. P. 54(b)). "In addition
9 to this specific authorization, a court has the inherent power to
10 reconsider its own orders." Id. (citing Amarel v. Cornell, 102
11 F.3d 1494, 1515 (9th Cir. 1996)). However, "[t]o succeed in a
12 motion to reconsider, a party must set forth facts or law of a
13 strongly convincing nature to induce the court to reverse its
14 prior decision." McConnell v. Lassen Cnty., Cal., No. CIV. S-05-
15 0909 FCD DAD, 2007 WL 2345009, at *1 (E.D. Cal. Aug. 16, 2007).

16      Here, TPMG's basis for seeking reconsideration is the
17 existence of out-of-circuit authority, in which the Sixth Circuit
18 affirmed the district court's holding that the plaintiff's hybrid
19 § 301 / fair representation claim against his employer was barred
20 by the statute of limitations despite the plaintiff's pursuit of
21 internal union appeals where "[the employer] was not a party to
22 th[e] internal appeal, had not sanctioned or acknowledged the
23 internal appeals process, and was not bound by any ensuing
24 judgment." Robinson, 987 F.2d at 1242-43. However, the Sixth
25 Circuit indicated that its decision was not intended be "a bright
26 line rule[,]" and "emphasize[d] that whether to toll the
27 limitations period is a question within the discretion of the
28 district court." Id. at 1242." As the Sixth Circuit states in

Robinson:

> [I]n some cases it may be difficult for an employee . . . to determine that the internal union remedies [cannot provide relief against the employer] and . . . this difficulty must be considered by the court. . . . Each case must be analyzed on its own facts . . . .

Id.

Further, the Third Circuit has held that "the statute of limitations may be tolled against the employer in a hybrid case when the employee sues *both* the employer and the union, even when the reason for tolling the statute of limitations is due to the action of the union alone." Albright v. Virtue, 273 F.3d 564, 576-77 (3d Cir. 2001) (vacating order granting summary judgment in favor of the employer defendant on a hybrid § 301 / fair representation claim on statute of limitations grounds where the plaintiff pursued internal union appeals after receiving a written decision denying his grievance); see also Walker v. Teamsters Local 71, 741 F. Supp. 178, (W.D.N.C. 1989) ("The six-month statute of limitations is also tolled as to the employer defendants while the plaintiffs were pursuing union remedies. To hold otherwise would force the plaintiffs to bring two separate lawsuits. . . ."), rev'd in part on other grounds, 930 F.2d 376 (4th Cir. 1991).

For the stated reasons, TPMG has not shown that the portion of the Order denying TPMG's motion to dismiss Plaintiff's breach of the CBA claim should be reconsidered. Therefore, TPMG's motion for reconsideration is denied.

6

**B.    Request for Certification of Order for Interlocutory Appeal**

"In the alternative, TPMG requests that the Court amend the . . . Order to certify it for interlocutory appeal" under 28 U.S.C. § 1292(b). (Def.'s Recons. Mot. 9:3-4.) TPMG argues:

> the Court's ruling that an internal non-mandatory union appeal tolls the limitations period for a hybrid § 301/[duty of fair representation] claim against TPMG is a controlling issue of law. But for tolling, TPMG must be dismissed from this action. It follows that such a result would materially advance the ultimate termination of the litigation. Furthermore, as explained in Part IV above, due to the dearth of Ninth Circuit precedent and the direction taken by other Circuits, there is substantial ground for a difference of opinion on the tolling issue.

(Id. at 9:11-16.)

"Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." In re Cement Antitrust Litig., 673 F.2d 1020, 1025-26 (9th Cir. 1982). "As Section 1292(b) is a departure from the general rule that only final judgments are appealable, it 'therefore must be construed narrowly.'" Zone Sports Ctr., LLC v. Rodriguez, No. 1:11-cv-00622-SKO, 2013 WL 3766749, at *4 (E.D. Cal July 16, 2013) (quoting James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002)). Thus, interlocutory appeal is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at 1026. "The party seeking review [has] the burden of showing that

7

'exceptional circumstances justify a departure of the basic policy of postponing appellate review until after the entry of a final judgment.'" Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

TPMG has not shown how certifying the Order for interlocutory appeal will "materially advance **the ultimate termination** of the litigation." 28 U.S.C. § 1292(b) (emphasis added). See Zygmuntowicz v. Hospitality Invs., Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993) ("[S]ection 1292(b) limits certification to those orders where the court believes that an immediate appeal would materially advance the litigation's ultimate conclusion."); Speir v. Robert C. Herd & Co., 189 F. Supp. 436, 439 (D. Md. 1960) (denying request for certification of interlocutory appeal where there were three defendants, "[t]he case will proceed against the other two in any event, and the retention of [the party seeking certification] [wa]s not likely to prolong the trial appreciably"). Therefore, TMPG's alternative request to certify the Order for interlocutory appeal is denied.

### III. CONCLUSION

For the stated reasons, TPMG's motion for reconsideration and alternative request to certify the December 6, 2012 Order for interlocutory appeal are DENIED.

Dated: September 27, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

8